**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| APPLIANCE RECYCLING CENTERS OF AMERICA, INC., a Minnesota corporation; and APPLIANCE RECYCLING CENTERS OF AMERICA-CALIFORNIA, INC., a California corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> JACO ENVIRONMENTAL, INC., a Washington corporation; et al., <br><br> Defendants - Appellees. | No. 09-55168 <br><br> D.C. No. CV-04-01371-AHS-VBK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Alicemarie H. Stotler, Senior District Judge, Presiding

Argued and Submitted April 9, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN,[**] District Judge.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Frederick J. Scullin, Jr., Senior United States District Judge for the Northern District of New York, sitting by designation.

Plaintiffs Appliance Recycling Centers of America, Inc., and Appliance Recycling Centers of America–California, Inc., appeal the district court's grant of summary judgment against them on their claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1), and under state law. We affirm.

1. We review de novo the summary judgment on the Lanham Act false advertising claim. Dreiling v. AOL, 578 F.3d 995, 1000 (9th Cir. 2009). A false advertising claim under the Lanham Act requires proof that (1) the defendant made a false statement of fact about a product in a commercial advertisement, (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience, (3) the deception is material, (4) the defendant caused the false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured as a result of the false statement. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997). In addition, "where Lanham Act claims . . . are based on a defendant's representation that someone infringed his patent, plaintiff must show that defendant's representation was made in bad faith." Fisher Tool Co. v. Gillet Outillage, 530 F.3d 1063, 1068 (9th Cir. 2008). None of the statements at issue here satisfies all the necessary elements.

The statement that Defendants' method for recycling appliances is a "unique" system with "unprecedented" results is non-actionable puffery because it

2

is a "general, subjective claim," rather than a statement about "specific or absolute characteristics."  Newcal Indus., Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1053 (9th Cir. 2008), cert. denied, 129 S. Ct. 2788 (2009).

Plaintiffs argue that the district court erred by requiring proof of bad faith for the statements that "JACO's system for handling contaminated polyurethane is an entirely different approach" and that "no other company could handle polyurethane contaminated with CFC-11" before Defendant JACO Environmental, Inc., entered the market.  Even assuming that Plaintiffs are correct that proof of bad faith is not necessary, neither of those statements supports a Lanham Act claim.

No reasonable jury could find that the "entirely different" statement is false. In context, that statement asserts that Defendants' method of incinerating the contaminated foam is entirely different than the Adelmann recycling process; it does not refer to the method of dismantling the appliances to obtain the contaminated foam in the first place.  The record demonstrates that the statement is true—incineration is entirely different than the Adelmann process.

No reasonable jury could find that the "no other company" statement satisfies the deception element of a Lanham Act false advertising claim.  The statement is ambiguous in its context because it could refer either to Plaintiffs or to JACO, and there is no evidence that it causes actual deception.

An advertisement that is not literally false may support a Lanham Act claim only if it is shown "that the advertisement has misled, confused, or deceived the consuming public." Southland Sod, 108 F.3d at 1140. Deliberately false comparative claims give rise to a rebuttable presumption of actual deception. Id. at 1146. But, even assuming that the statement triggers the presumption, there is sufficient evidence to rebut the presumption. The document explicitly acknowledges the existence of a dominant recycler and discusses "the current system used in California" for processing contaminated foam, a system that the document describes as "entirely different" from Defendants' system. In addition, the statement was made to the California Public Utility Commission, which would have been aware that Plaintiffs had been recycling appliances for utilities in southern California for the preceding nine years. No reasonable jury could find that the statement actually deceived the Commission into believing that Defendants were the only company that could process contaminated foam.

Plaintiffs concede that proof of bad faith is required for all the other statements that they challenge. Fisher Tool, 530 F.3d at 1068. Those patent-related statements consist of express references to the patent, claims to have designed or pioneered the method, claims that the system was "JACO's," and allegations of patent infringement. The district court correctly determined that

4

Plaintiffs had failed to show a genuine issue of material fact with respect to bad faith. Furthermore, Plaintiffs also failed to raise a genuine issue regarding whether each statement was material, was likely to cause future injury, or both.

No reasonable jury could find statements referring to the patent, claiming to have designed or pioneered the system, or claiming that the system was "JACO's" to be either material or likely to cause future injury. A false statement is material when "it is likely to influence the purchasing decision." Southland Sod, 108 F.3d at 1139. Three utility officials testified that the "patent pending" status of Defendants' method was not relevant to their utility's decision, and there was no evidence that the existence of the patent was material to any utility. Because the patent status was not material, a fortiori, a mere claim to have designed or pioneered the method or that the method was "JACO's" could not have been material.

Proof of actual injury is necessary to obtain damages under the Lanham Act, but "a competitor need not prove injury when suing to enjoin conduct that violates" the Act. Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 210 (9th Cir. 1989). A plaintiff who shows that it "is likely to be injured as a result of the false statement" may be eligible for injunctive relief. Southland Sod, 108 F.3d at 1139 (emphasis added). Here, there is no evidence that any of the patent-related

5

statements caused actual injury. Moreover, because the references to the patent and claims to have pioneered the system are not material, no reasonable jury could find that they or any similar statements were likely to cause future injury. Finally, during the course of this litigation, Defendants signed a covenant to not enforce their patent against Plaintiffs. Thus, although there is a genuine issue of material fact as to the materiality of the infringement allegations, on this record, Defendants are unlikely to make similar statements in the future.

Because no statement made by Defendants satisfies all the elements of a false advertising claim under the Lanham Act, the district court did not err by granting summary judgment on this claim.

2. Plaintiffs also argue that the district court erred by granting summary judgment on their claim for false advertising under section 17500 of the California Businesses & Practices Code because proof of bad faith prevents federal preemption of a state false advertising claim. We review this issue de novo. Dreiling, 578 F.3d at 1000. The district court did not grant summary judgment on the state false advertising claim because it was preempted. Rather, the court granted summary judgment because the "substantially congruent" state claim failed on the merits. Cleary v. News Corp., 30 F.3d 1255, 1262-63 (9th Cir. 1994). We affirm for the reasons explained above in connection with the federal claim.

3.  Plaintiffs also contend that the district court erred by denying their motion to strike the declaration of a witness.  We review for abuse of discretion.  Boyd v. City of San Francisco, 576 F.3d 938, 943 (9th Cir. 2009).  We affirm the district court's ruling because Plaintiffs have not demonstrated that it caused them any prejudice.  See id. at 950.  The district court stated specifically that it was unlikely to reach the issues addressed by the declaration and, indeed, its summary judgment order did not discuss those arguments.

AFFIRMED.